UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

NEAL BENJAMIN,

               Plaintiff,                     **DECISION AND ORDER**

        v.                                   6:23-CV-06512 EAW

UNITED STATES OF AMERICA,

               Defendant.
_____

## INTRODUCTION

*Pro se* plaintiff Neal Benjamin ("Plaintiff") sues defendant the United States of America ("Defendant"), alleging a claim under the Federal Tort Claims Act ("FTCA") and constitutional claims arising from his conviction and sentence in a federal criminal case. (Dkt. 1).

Currently before the Court is Defendant's motion to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. 4). Plaintiff filed response papers in opposition to the motion (Dkt. 8), and Defendant filed a reply (Dkt. 9). For the following reasons, the Court grants the motion to dismiss.

## BACKGROUND

The following facts are taken from Plaintiff's complaint. (Dkt. 1). As required at this stage of the proceedings, the Court treats Plaintiff's factual allegations as true.

Plaintiff was convicted in a jury trial for federal drug offenses under 21 U.S.C. §§ 841(b)(1)(A) and (C). (Dkt. 1 at 3-4). The jury verdict form did not require the jury to

make a finding on the quantity of drugs attributable to Plaintiff. (*Id.* at 4). Prior to sentencing, Plaintiff objected to the presentence report ("PSR") that the United States Probation Office prepared. (*Id.*). Plaintiff asserted to the Probation Office that the lack of a factual finding on the quantity of drugs attributable to Plaintiff required his base offense level to be 12 and precluded any sentencing enhancements for specific offense characteristics, victims or Plaintiff's role, as was suggested in the PSR. (*Id.*). Based on the jury's lack of factual finding, the appropriate Sentencing Guidelines range for Plaintiff's sentence was 30 to 37 months of incarceration. (*Id.* at 5).

Plaintiff contends that United States Probation Officer Michael Quarantillo ("Quarantillo"), who prepared Plaintiff's PSR, failed to consider that the jury did not make this factual finding when Quarantillo calculated Plaintiff's Sentencing Guidelines range. (*Id.*). Plaintiff's Sentencing Guidelines range would have been 30 to 37 months if Quarantillo had properly calculated the range. (*Id.*). Plaintiff was sentenced to 30 years. (*Id.*). Plaintiff, who has since been released from custody, served 22 years more than was permitted under 21 U.S.C. § 841(b)(1)(C). (*Id.*). Plaintiff requests that the matter be remanded to the district court, that his PSR be corrected to reflect the lack of factual finding on the drug quantity attributable to Plaintiff, and that he be appointed counsel on his motion. (*Id.*).

## DISCUSSION

Defendant argues that Plaintiff's claims should be dismissed for the following reasons: (1) Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); (2) judicial immunity bars Plaintiff's claims; (3) Plaintiff failed to exhaust his administrative

remedies under the FTCA; (4) constitutional claims are not cognizable under the FTCA; and (5) constitutional claims brought under *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), are not cognizable against the United States. (Dkt. 4-2 at 4-9).

I.  **Legal Standards**

    A.  **Rule 12(b)(1)—Subject Matter Jurisdiction**

"A district court properly dismisses an action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate it. . . ." *Cortlandt St. Recovery Corp. v. Hellas Telecomms, S.á.r.l*, 790 F.3d 411, 416-17 (2d Cir. 2015) (quotation and citation omitted). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "When considering a motion to dismiss for lack of subject matter jurisdiction . . . a court must accept as true all material factual allegations in the complaint." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998); *see also Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) ("In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction."). Further, the Court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but it may not rely on conclusory or hearsay statements contained in the affidavits." *Matthias v. United States*, 475 F. Supp. 3d 125, 133 (E.D.N.Y. 2020)

(alteration omitted) (quoting *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004)).

### B.     Rule 12(b)(6)—Failure to State a Claim

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). A court should consider the motion by "accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016). To withstand dismissal, a plaintiff must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "To state a plausible claim, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at

555). While the Court is "obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must satisfy the plausibility standard set forth in *Iqbal* and *Twombly*, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("Even after *Twombly*, though, we remain obligated to construe a *pro se* complaint liberally.").

II.  **Lack of Subject Matter Jurisdiction**

The Court begins with Defendant's first and third arguments because they implicate the Court's subject matter jurisdiction over Plaintiff's claims.

  A.  ***Heck v. Humphrey* Bars Plaintiff's Claims**

Defendant contends that *Heck* precludes Plaintiff's claims because Plaintiff has not shown that his conviction has been invalidated. (Dkt. 4-2 at 4-5). In *Heck*, the Supreme Court held that:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. 486-87. In other words, if "a judgment in favor of the plaintiff [in the § 1983 action] would necessarily imply the invalidity of his conviction or sentence," then "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. While *Heck* addresses § 1983 actions, which are brought under color of state law, courts in this Circuit have applied *Heck* to

FTCA claims as well. *See Cox v. N.Y. State*, No. 1:23-CV-0060 (MAD/CFH), 2023 WL 2770368, at *8 (N.D.N.Y. Apr. 4, 2023) ("Any potential FTCA claim that calls into question [plaintiff's] arrest, prosecution, incarceration or sentencing would be barred by *Heck* unless and until plaintiff is able to demonstrate favorable termination."), *adopted*, 2023 WL 6862505 (N.D.N.Y. Oct. 18, 2023); *Tuttle v. United States*, No. 20-CV-6266-LJV, 2020 WL 3511148, at *3 (W.D.N.Y. June 29, 2020) ("Although the Second Circuit has not yet addressed the issue, several circuits have applied *Heck* in FTCA cases.") (quotation omitted and collecting cases); *Davis v. United States*, No. 3:05cv1537 (PCD), 2006 WL 2223934, at *3-4 (D. Conn. July 31, 2006) (plaintiff's inability to show a favorable termination of prior conviction rendered FTCA claim invalid). Here, were Plaintiff to prevail on his FTCA claim regarding the alleged incorrect contents of his PSR, Plaintiff's sentence necessarily would be questioned. Plaintiff has not shown that his sentence was favorably terminated. In fact, the Second Circuit affirmed Plaintiff's 30-year sentence in 2010. *United States v. Benjamin*, 391 F. App'x 942 (2d Cir. 2010). In 2019, the Second Circuit affirmed the district court's denial of Plaintiff's motion for a reduction of his sentence under the Fair Sentencing Act of 2010. *United States v. Benjamin*, No. 19-3636-cr, 2023 WL 1097559 (2d Cir. Jan. 30, 2023).

In addition, since Plaintiff has invoked the Fifth, Sixth and Eighth Amendments of the Constitution in asserting his claim, the Court construes him as also asserting a *Bivens* claim.[1] The Second Circuit applies *Heck* to *Bivens* actions, and thus Plaintiff cannot assert

---

[1] When a plaintiff "seeks damages for a civil rights violation by officers employed by a federal agency . . . the only possible basis for the exercise of [the] Court's federal question

a *Bivens* claim against Quarantillo. *See Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995) (*per curiam*); *see also Grant v. United States*, No. 19-CV-0269V, 2019 WL 11637253, at *2 (W.D.N.Y. June 13, 2019) ("*Heck* dictates that a cause of action seeking damages . . . for an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." (quoting *Tavarez*, 54 F.3d at 110)). Accordingly, Plaintiff's claims are dismissed without prejudice under *Heck*. *See Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999) (claim barred by *Heck* "may be reinstituted should plaintiff's conviction be 'expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" (quoting *Heck*, 512 U.S. at 487)).

### B. Plaintiff Failed to Exhaust Administrative Remedies under the FTCA

Defendant argues that Plaintiff never filed an administrative claim with the Administrative Office of the U.S. Courts ("AO"), the agency responsible for handling claims alleging that a probation officer committed a tort. (Dkt. 4-2 at 7).

"[T]he United States, as sovereign, is immune from suit save as it consents to be sued." *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (quotation and citation omitted). Sovereign immunity extends to federal agencies, *see F.D.I.C. v. Meyer*, 510 U.S. 471, 475

---

jurisdiction" is *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971). *Richardson v. Robinson*, No. 19-CV-6911 (PKC) (LB), 2019 WL 6913324, at *2 (E.D.N.Y. Dec. 19, 2019) (quotation marks omitted). "A *Bivens* action is a judicially-created remedy designed to provide individuals with a cause of action against federal officials who have violated their constitutional rights." *Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007). Since Plaintiff has identified Quarantillo as the officer who prepared the PSR, the Court construes Plaintiff as asserting the *Bivens* claim against Quarantillo.

(1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."), and to "federal officers in their official capacities," *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994). As relevant here, the FTCA waives sovereign immunity for certain claims arising out of tortious conduct by federal employees. But before bringing any such claim in court, a plaintiff must first exhaust his administrative remedies before the relevant federal agency. 28 U.S.C. § 2675 provides that:

> An action shall not be instituted upon a claim against the United States for money damages for injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant *shall have first presented* the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a) (emphasis added); *see also Yunkeung Lee v. United States*, 570 F. App'x 26, 27 (2d Cir. 2014) ("Prior to filing an FTCA action, a plaintiff must exhaust administrative remedies, which include presenting the claim to the appropriate federal agency."). The claim must be filed with the appropriate federal entity "within two years of the injury's accrual." *Leytman v. United States*, 832 F. App'x 720, 722 (2d Cir. 2020) (citing 28 U.S.C. § 2401(b)). The exhaustion requirement "is jurisdictional and cannot be waived." *Celestine v. Mt. Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005). Plaintiff "bears the burden of showing that [ ]he exhausted h[is] administrative remedies by presenting h[is] claim to the appropriate federal agency before filing suit." *Cooke v. United States*, 918 F.3d 77, 80 (2d Cir. 2019).

In support of its argument that Plaintiff has failed to comply with the presentment requirement, Defendant submits the declaration, dated November 15, 2023, of Tiffany Lewis, a paralegal specialist in the Office of the General Counsel of the AO. (Dkt. 4-1). Ms. Lewis states that the AO is the federal agency that considers "all claims under the [FTCA] for money damages against the United States for injury . . . allegedly caused by the negligent or wrongful conduct of an officer or employee of the courts of the United States." (*Id.* at 1). Based on her examination of the AO's records, Ms. Lewis states that the AO has no claim or submission by Plaintiff under the FTCA. (*Id.*).

In response, Plaintiff argues that he "did try to exhaust administrative remedies." (Dkt. 8 at 5). Plaintiff cites two exhibits he purports to have submitted. (*See id.* ("See correspondence in an effort to bring the wrong to those authorized positions. Western District Office of New York, Probation and Pretrial Services, (z) U.S. Department OIG/Investigation, AG Office, Office of Professional Responsibility and the Executive Office for U.S. Attorney General. See Exhibit 1 and 2.")). Plaintiff submits as an exhibit a letter dated June 7, 2023, and titled, "Disposition, 28 U.S.C.S. 2675," which appears to be an attempt to exhaust administrative remedies. (*See* Dkt. 1 at 14-17). Plaintiff states that he "hereby give note of claim to this Federal Agency of the U.S. Probation and Pretrial Service in the Western District of New York (Buffalo, NY). This claim will be filed under Federal Tort Claims Act (FTCA), against the United States, for the amount of $20,000,000 dollars for violation of Plaintiff's Eighth Amendment by employee of the Government." (*Id.* at 14). It is unclear to whom Plaintiff submitted the letter, and nevertheless, the AO— the appropriate federal agency—did not receive it, based on the declaration by Ms. Lewis.

Also, to the extent that Plaintiff intends that his correspondence with Probation and Pretrial Services in this District, attached as exhibits to his complaint, satisfies the presentment requirement, these documents also are insufficient because, among other reasons, they were not sent to the appropriate federal agency. (*See id.* at 7, 11-13, 18-20).[2]

Furthermore, under 28 U.S.C. § 2675(a), an FTCA action shall not be commenced until the claim is finally decided by the agency, or until six months pass without a final disposition by the agency. *See Phillips v. Generations Fam. Health Ctr.*, 723 F.3d 144, 147 (2d Cir. 2013) ("The claimant can only initiate his or her lawsuit once the claim has been denied by the agency (or if the agency has failed to make a decision within six months after the claim was filed)."); *Nguyen v. Kijakazi*, No. 20-CV-607 (MKB), 2022 WL 542265, at *6 (E.D.N.Y. Feb. 23, 2022) (same). Plaintiff's letter asserting a claim is dated June 7, 2023, and he commenced this action on September 5, 2023. Even if Plaintiff did file a claim with the AO for which he did not receive a final disposition, he did not wait the required six months before filing his lawsuit.

For these reasons, Plaintiff has not met his burden to show that he exhausted his administrative remedies before commencing this action, and the Court therefore does not have subject matter jurisdiction over his FTCA claim. *See, e.g.*, *Leytman*, 832 F. App'x at 722 ("Failure to comply with this exhaustion requirement deprives Article III courts of

---

[2]   Defendant interprets an "undated cover letter that [Plaintiff] sent to the U.S. Attorney for the Western District of New York enclosing a copy of his federal court complaint" as a potential attempt to exhaust administrative remedies. (Dkt. 9 at 3). The Court views this document (Dkt. 1 at 1) as a cover page to Plaintiff's complaint in this action, but to the extent it was somehow intended to meet the FTCA's presentment requirement, it fails to do so.

subject matter jurisdiction over FTCA claims."); *Ruffin v. United States,* No. 20-cv-04128 (ST), 2021 WL 4408039, at *6 (E.D.N.Y. Sept. 27, 2021) ("Plaintiff has failed to satisfy the presentment requirement. This Court thus lacks jurisdiction over Plaintiff's claim.") (citation omitted). Accordingly, Plaintiff's FTCA claim must be dismissed without prejudice. *See Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 121 (2d Cir. 2017) ("[W]hen a case is dismissed for lack of federal subject matter jurisdiction, Article III deprives federal courts of the power to dismiss the case with prejudice." (quotations and alteration omitted)).[3]

## CONCLUSION

For the foregoing reasons, the Court grants Defendant's motion to dismiss (Dkt. 4) for lack of subject matter jurisdiction, and dismisses the complaint without prejudice. The Clerk of Court is directed to enter judgment for Defendant and to close this case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: August 15, 2024
 Rochester, New York

---

[3] Even if the Court had subject matter jurisdiction, Plaintiff's claims would also fail under Rule 12(b)(6). Federal probation officers have absolute immunity in preparing presentence reports because in doing so, they act as "as an arm of the court" and perform a task that "is an integral part of one of the most critical phases of the judicial process." *See Dorman v. Higgins*, 821 F.2d 133, 137 (2d Cir. 1987); *see also Wright v. United States*, 162 F. Supp. 3d 118, 128 (E.D.N.Y. 2016) (same); *Saint-Guillen v. United States*, 657 F. Supp. 2d 376, 381 (E.D.N.Y. 2009) (same). The Court need not and does not address Defendant's other arguments in support of its motion to dismiss.